AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>STEVEN LEE VARGEM<br><br>*Defendant* | )<br>)<br>)   Case No.<br>)<br>)   **10-70582** PVT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  06/24/2010   in the county of  Santa Clara   in the Northern   District of California  , the defendant violated  18   U. S. C. § 922(o)  , an offense described as follows:

POSSESSION OF AN UNREGISTERED MACHINEGUN

This criminal complaint is based on these facts:
Affidavit of ATF Special Agent Jeffrey B. Kearns, attached and incorporated to this Complaint.

☑ Continued on the attached sheet.

_____
AUSA Nat Cousins

*Complainant's signature*

Special Agent Jeffrey B. Kearns
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 2, 2010

*Judge's signature*

City and state: San Jose, CA

Magistrate Judge Patricia V. Trumbull
*Printed name and title*

I, Jeffrey B. Kearns, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives being first duly sworn, depose and say:

## Introduction

1. I make this affidavit in support of a criminal complaint charging Steven Lee VARGEM with possessing a firearm not registered to him in the National Firearms Registration and Transfer Record (NFRTR) to wit: a Heckler and Koch 9mm machinegun model SP89, serial number 21-15341 in violation of Title 18, United States Code, Section 922(o) and 924(a). Section 922(o) makes it unlawful for any person to transfer or possess a "machinegun," except as provided in Section 922(o)(2). Section 924(a)(2) provides a criminal penalty (imprisonment of not more than ten years and a fine) for violation of Section 922(o).

2. The information contained in this affidavit is based upon my knowledge of the facts as well as my review of the reports created by other law enforcement officer's knowledge of certain facts related to this incident. Because this affidavit is for the purpose of setting forth probable cause, I have not included every fact known to me or developed through this investigation.

## Affiant's Background

3. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since May 1989. Prior to that, I was employed as an Intelligence Officer in the United States Army. Concurrent with my ATF experience, I was a Counterintelligence Special Agent with the United States Army from March 1993 to September 2003. My current duties include the investigation of violations of Federal firearms laws under Title 18 and 26 of the United States Code.

## Facts Supporting Probable Cause

4. On June 22, 2010, an Officer of the San Jose Police Department (SJPD) served Steven Lee VARGEM with an emergency protection order which restrained Steven Lee VARGEM from contacting, molesting, harassing, attacking, striking, threatening, sexually assaulting, battering, contacting via telephone, sending messages to, following, stalking, destroying any personal property of, disturbing the peace of, or taking any action to obtain the address or location of Lynda Vargem. Lynda Vargem is identified as the wife of Steven Lee VARGEM and the mother of his children. The emergency protection order further advises that a person under an emergency protection order is prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a firearm (penal code section 12021(g)).

5. On June 22, 2010 Detective Duane Tuell conducted a search of the law enforcement databases to determine if there were any firearms registered to Steven Lee VARGEM and discovered that there were twelve firearms currently registered to VARGEM.

6. On June 24, 2010 Detective Duane Tuell contacted Lynda Vargem and was informed that her husband, Steven Lee VARGEM possessed three gun safes at their residence at 3157 Midhurst Court, San Jose, California. Lynda VARGEM stated that her husband was the only person with the combination to the safes and was very secretive about the guns in the safe. Lynda Vargem further stated that she had seen her husband put a pistol in the gun safe in the family room of their residence approximately two months prior.

7. On June 24, 2010 at approximately 1:29pm, Detective Tuell contacted Steven Lee VARGEM via cellular telephone and informed VARGEM that he must turn over his firearms pursuant to the emergency protection order. VARGEM informed Detective Tuell that all of his firearms were either sold or transferred. Detective Tuell than directly asked VARGEM if there were any firearms in the gun safes in his residence and VARGEM responded that he did not know. VARGEM then informed Detective Tuell that he would speak to his lawyer and call Detective Tuell back however Detective Tuell received no further phone calls from VARGEM.

8. On June 24, 2010 members of the SJPD executed a State search warrant at the residence of Steven Lee VARGEM, described at 3157 Midhurst Court, San Jose, CA and seized 28 firearms from the gun safes located at that residence.

9. On June 28, 2010 Special Agent (SA) Jeffrey Kearns of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) examined the firearms seized pursuant to the State search warrant executed at the residence of Steven Lee VARGEM. SA Kearns determined that one of the firearms, a Heckler and Koch model SP89, 9mm semi-automatic pistol, serial number 21-15341 had been converted to fire fully automatic, and therefore is classified as a machinegun.

10. On June 28, 2010 SA Kearns caused a search of ATF's NFRTR to determine if Steven Lee VARGEM had any firearms registered to him. On July 1, 2010 SA Kearns received information from an ATF firearms specialist that Steven Lee VARGEM had no firearms registered to him in the NFRTR.

11. I am aware that Heckler and Koch firearms are not manufactured in the State of California, thus the possession of such a firearm in San Jose, California, affects interstate or foreign commerce.

12. On July 1, 2010, VARGEM was arrested by San Jose Police Department on state charges. He is presently in state custody.

### Conclusion

13. Based on all of the foregoing, there is probable cause to believe that Steven Lee VARGEM is guilty of possessing a machinegun, which was a firearm not registered to him in the National Firearms Registration and Transfer Record (NFRTR), in violation of Title 18 United States Code, Sections 922(o) and 924(a).

_____
JEFFREY KEARNS
Special Agent
ATF

Sworn and subscribed to before me
This __2__ day of __July__ 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge
Northern District of California