# Exhibit A – Attachment to Atty Declaration

Law Offices of Donald Kilmer
A Professional Corporation

> 1645 Willow Street, Suite 150
> San Jose, California 95125
> E-Mail: Don@DKLawOffice.com
> Phone: 408/264-8489
> Fax: 408/264-8487

**MEMORANDUM**

To: Justice Laurence D. Kay; and
Judicial Council's Domestic Violence Practice and Procedure Task Force
From: Law Offices of Donald Kilmer, A.P.C.
Date: March 13, 2007
Re: Firearm Relinquishment and Safe-Keeping Pending Domestic Violence Protective Order Adjudication California.

Your Honor, Ladies and Gentleman:

The following documents are referred to in this memorandum and are readily available or attached:

1. Judicial Council Form: DV-110.
   Temporary Restraining Order and Notice of Hearing.
2. Judicial Council Form: DV-130.
   Restraining Order After Hearing (Order of Protection)
3. Judicial Council Form: DV-800/JV-252
   Proof of Firearms Turned In or Sold
4. Judicial Council Form: DV-810
   What Do I Do With My Gun or Firearm?
5. California Department of Justice Form: FD 4036
   Notice of No Longer in Possession
6. California Department of Justice Form: FD 110
   Power of Attorney Declaration for Firearms Transfer and Disposal
7. California Department of Justice Form: FD 4544A
   Report of Operation of Law or Intra-Family Handgun Transaction
8. California Department of Justice Form: FD 116
   Personal Firearms Eligibility Check Application (PC 12077.5)
9. California Department of Justice Form: FD 119
   Law Enforcement Gun Release Application
10. Proposed Local Form: Fam C § 6389(d) Immunity Form (Attached)

The purpose of this memo is to:

- Address some of the problems raised by gun/property confiscation prior to adjudication of Domestic Violence Issues (both criminal and family law)
- Propose law and/or policy changes,
- Propose local forms as remedies to the problems outlined.

I.  Introduction.

   A.  The problem can be outlined as: ***How do we, in the State of California, provide for an orderly and legal way of insuring compliance with various provisions of Federal and State law requiring the relinquishment of firearms during the pendency of Domestic Violence Restraining Orders?***

   B.  In Santa Clara County we formed a working group of the following persons:

   1.  Honorable Mary Ann Grilli, Superior Court Judge
   2.  Donald Kilmer, Attorney at Law
   3.  Tracy Duells-Cases, Attorney at Law
   4.  Karyn Sununnu, Senior Deputy District Attorney.

   C.  We have met in Santa Clara County and set forth the following action items:

   1.  Address Immunity Issues.
   2.  Reconcile Kick-out Orders with Firearm Turn-in Requirement.
   3.  Research use of constructive trust for firearm safe-keeping in those cases that raise community property issues. (i.e., divorces, domestic partnership dissolution, etc...)
   4.  Research ability of Third Party to hold firearms in lieu of dealer or law enforcement.
   5.  Research feasability of an Order for return of firearms if case is dismissed or protective order is not issued following a hearing.

   D.  The working group identified the government entities with a "stake" in this issue. Those entities include the Federal Government (U.S. Attorneys Office and BATFE), California Department of Justice and the State Attorneys' General Office, Local District Attorneys and Sheriff's Offices and Municipal Law Enforcement.

**II.** **Immunity.**

    A.    See: *Haynes v. United States*, (1968) 390 U.S. 85.

    B.    Use immunity is authorized under Family Code § 6389(d):

> **(d)** If the respondent declines to relinquish possession of any firearm based upon the assertion of the right against self-incrimination, as provided by the Fifth Amendment to the United States Constitution and Section 15 of Article I of the California Constitution, the court may grant use immunity for the act of relinquishing the firearm required under this section.

    B.    The problem with this issue, is that if a restrained party declines to relinquish a firearm <u>before</u> immunity is granted, that is itself a form of self-incrimination. It forces the restrained party to make a *Hobson's Choice* of obeying the order to relinquish firearms and give the government potentially incriminating information, or defying the order and making an application to the Court for immunity. The mere application for immunity before an order of immunity is granted is an admission that the restrained party has not complied with the DVPA orders and might be sufficient probable cause to secure a search warrant, which could in turn lead to prosecution.

    C.    Given the very broad powers the government has to confiscate firearms with allegations of domestic violence pending (See generally: Pen C § 12028.5), we also run the risk of introducing Fourth, Fifth and Sixth Amendment errors into a potential criminal case by not addressing immunity issues at the first instance of issuing protective orders.

    D.    The crimes for which a restrained party might need immunity as a condition of complying with DVPA orders to relinquish firearms includes but is not limited to:

        1.    Already being a <u>prohibited person</u> who is in possession of firearms at the time the protective order is issued.

        2.    Being in possession of a weapon or gun part that is itself <u>contraband.</u>

            A.    Unregistered Machine Guns and Machine Gun Parts.
            B.    Unregistered Assault Weapons.
            C.    Unregistered Short-barreled shotguns and/or rifles.
            D.    Unsafe Handgun.
            E.    Large capacity magazines acquired after January 1, 2000.
            F.    Silencers.
            G.    Multi-burst trigger activators.
            H.    Illegal ammunition.
            I.    A firearm with an obliterated serial number.

      3.      Being in possession of an <u>illegally transferred</u> or imported firearm.

            A.      Firearms that were not sold or transferred through a licensed gun dealer. (Excl. Long guns transferred between grandparent/parent/child/spouse)

            B.      Unregistered handguns imported into California after January 1, 1998.

      4.      **Please note that no one is suggesting that immunity be granted for the use of a firearm as a weapon to commit an act of violence (domestic or otherwise), in contrast to the mere status crimes and crimes of illegal possession outlined above.**

E.      The tension of three (3) competing public policies at the <u>state</u> and <u>federal</u> levels of government must be addressed by any order granting immunity when issuing DVPA restraining orders. They are:

      1.      Effective detection and prosecution of crimes involving firearms.

      2.      Relinquishment of a firearm while a DVPA order is pending for the safety of the party seeking orders of protection.

      3.      Preservation of Fourth, Fifth and Sixth Amendment rights of the restrained party (and/or potential criminal defendant).

F.      Proposed Remedies. To solve this problem, two (2) things need to happen:

      1.      An agreement for a standing stipulation made by federal (U.S. Attorney's Office) and state (Santa Clara District Attorney) prosecuting agencies that they will honor a standard form immunity order signed by any Superior Court Judge (and/or commissioner) that will be issued with every order of protection. (This would include emergency protective orders, criminal protective orders, civil protective orders, and family law protective orders.) It is suggested that this stipulation be reduced to writing and kept on file in the Court's administrative files.

      2.      Production of an acceptable order for use immunity that can be signed by a judge issuing orders of protection. [See Attachment for proposed draft.]

      3.      It is expected that the U.S. Attorney's Offices, the State Attorneys' General Office and the Local District Attorneys' Offices may want to narrow (or more specifically define) the scope of the use immunity.

**III.   Reconciliation of "Kick-Out" orders with an order requiring relinquishment of firearms and Constructive Trusts.**

  A.   Paragraphs 10, 11 and 20 of Form DV-110, and Paragraphs 12, 13 and 28 of Form DV-130 require the restrained party to gather his/her firearms together and transport them to a licensed dealer and/or law enforcement within 24 hours of being served with an order of protection under the DVPA.

  B.   Paragraphs 6, 7 and 8 of Form DV-110, and Paragraphs 6, 7 and 8 of Form DV-130 require the restrained party to cease all communication with the protected party, stay away from the protected party's residence (often the family home where the guns are located) and immediately move out of the family residence taking "only personal clothing and belongings needed until the hearing."

  C.   **Reality Check**:  Do we really want a restrained party in the following state of mind:

   1.   They have just been served with restraining orders,
   2.   Alleging that they are prone to violence,
   3.   The Order requires them to immediately vacate their home, and
   4.   Often they must forgo seeing their children until a hearing,

  to be required by court order to go to their gun safe (or cabinet) pick up their guns and ammunition[1] for the purpose of transporting them to the police station or local gun store?   Aren't we making subliminal suggestions that are better left unstated?

  D.   Proposed Solutions.  Obviously a person cannot both immediately move out, taking "only personal clothing and belongings needed until the hearing" and gather their guns and ammo for transportation to the police or firearm dealer. Guns and ammo are not "needed" until the hearing.  The problem arises only in the context of emergency, *ex parte* and temporary orders.

   1.   Revision of Judicial Council Form DV-110.

    (a)   Revise Paragraph 8 to specifically state that compliance with the firearm relinquishment order is an exception to this order. (Still a bad idea. See **Reality Check** above.)

    (b)   Leave Paragraph 10 intact, but modify or delete paragraph 11.

---

[1] And ammunition too, because ammo cannot be possessed during the pendency of a DVPA order either, see Pen. C. § 12316(b)(1) which prohibits the possession of ammunition if you are subject to Pen. C. § 12021, which in turn prohibits the possession of a firearm if you subject to a DVPA order of protection.  Also see below for suggested changes to Judicial Council Forms.

2. Require local law enforcement to serve, and provide civil standby on all temporary and/or *ex parte* DVPA orders that require relinquishment of firearms (basically all of them), so that taking the guns for safe keeping can be supervised by the police.

3. Issue standard orders using paragraphs 12 and/or 16 that the <u>Protected Party</u> is to take temporary possession of all firearms and ammunition, and provide for their safe keeping and preservation until the hearing date. At that first hearing, the Court can make inquiries about the existence of firearms and make reasonable orders for the collection and disposition of the firearms pending further proceedings.

4. In Item #3, the Court would be imposing a constructive trust on the firearms and ammunition and make the Protected Party the trustee, with fiduciary duties to preserve the assets and their value for the benefit of the restrained party and/or the community until disposition at a later date by agreement or further order of the court.

IV. **Safe-keeping and/or Sale of Firearms to Third Parties.**

    A. **REALITY CHECK**: The problem is that current law provides for only two options to the gun owning Restrained Party. (See Family Code § 6389 (c))

        1. Sell to licensed firearms dealer; or
        2. Surrender to law enforcement officials.

    These actions must be taken with 24 hours of being served with an order. If the purpose of § 6389 is the safety of the protected party, then insuring compliance with firearm relinquishment by the Restrained party should be the main objective. Telling a gun collector, hunter or firearm owner that they have only these two choices is a recipe for resistance to compliance. Some firearms are prized possessions. Some are family heirlooms. Some are irreplaceable custom firearms or curio/relics that may not even be available anymore. A third option of permitting a transfer to a trusted third party (father, mother, son, daughter, uncle, etc...) will address this concern and remove what appears to be a reasonable objection by the restrained party. We also solve the problem of requiring local law enforcement to store firearms indefinitely and assume liability for any damage to expensive property.

    B. Two problems need to be solved.

        1. Either Fam C § 6389 (c) needs to amended, or there needs to be a judicial interpretation that §§ 6389(i) and 6389(l) working together would permit an immediate transfer to a third party.

        2. The Third Party holding/buying the firearm needs to be put on notice that they are potentially criminally liable for giving the guns back to the restrained party while the DVPA order is pending.

            (a) Recommend that California Department of Justice Form FD 4036 and/or FD 4544A be used for this purpose.
            (b) It is further recommended that these forms either be served with the DVPA orders and/or that the website and existence of the procedure be noticed on the Judicial Council forms. (DV-110, DV-130 and DV-810)
            (c) Finally, the third party would be identified early on so that the court or parties could join this Third Party to the action to insure compliance and an orderly sale/disposition of the firearms as part of any property settlement.

V. **Dismissal of DVPA Order**

    A. Currently there is no Judicial Council form that affirmatively sets forth language that all DVPA orders are dismissed and vacated in the event that the Protected Party does <u>not</u> prevail at the hearing.

    B. Recommendation. It is recommended that such a form be created so that the "former" Restrained party can show interested parties (relatives holding guns, the local gun dealer, etc...) that the action is terminated. This should be a form that the "former" Restrained Party can walk out of court with on the day of the hearing to compensate for any lag time in the CLETS system showing that the previous orders were vacated.

VI. **Return of Firearms After Expiration and/or Dismissal of the DVPA Action**

    A.    Informing the Restrained Party at the outset of the action that they will <u>not</u> have their firearms immediately returned to them if the action is dismissed, will go a long way toward helping the Restrained Party see the process as fair. They should also be informed that there is a fee to process a request for return of firearms from law enforcement. Because these fees are required by law, the court should consider awarding them as costs if the formerly restrained party is the prevailing party.

    B.    Recommendations:

        1.    It is recommended that Judicial Council forms DV-110, DV-130 and DV-810 be amended to inform the restrained party of the procedures outlined in Penal Code §§ 12021.3 and 12077.5. The California Department of Justice has promulgated forms to insure compliance with these statutes. They are:

            (a)    Personal Firearms Eligibility Check Application. Form FD 116, and
            (b)    Law Enforcement Gun Release Application Form FD 119.

        2.    It is further recommended that these forms either be served with the DVPA orders and/or that the website and existence of the procedures and forms be noticed on the Judicial Council forms. (DV-110, DV-130 and DV-810)

**VII.   Miscellaneous Issues.   Additional matters arose during the research for this memo:**

   A.   Potential Violations of Due Process Rights and Takings Issues.

   1.   Current law for both temporary and permanent orders do not permit Restrained Parties to "own" firearms.

   2.   <u>Firearms are property</u> – subject to "due process" and "takings" constitutional analysis.

   3.   It is without question that it <u>is</u> constitutionally valid to deprive a Restrained Party of possession and/or the right to acquire firearms during the pendency of a DVPA order of protection. [See *United States v. Emerson,* 270 F.3d 203 (5th Cir. 2001), cert.denied at *United States v. Emerson*, 536 U.S. 907 (2002)].

   4.   It is an entirely different matter to deprive that gun owner of the right to dispose of their property by the best means they see fit. (i.e., sale to relative, auction, gift or bequest to descendants, etc...)

   (1)   Guns are "property" governed by the due process clause.

   (2)   <u>People v. Beck</u> (1994) 25 C.A. 4th 1095, 1102, <u>Bryte v. City of La Mesa</u> (1989) 207 C.A. 3d 687, 689.

   (3)   There is no question but that firearms and weapons are "property" and, accordingly, that the due process clauses of the federal and state Constitutions apply to their seizure. A person's property may not be confiscated by the state "without some kind of notice and opportunity to be heard." See:  <u>Fuentes v. Shevin</u> (1972) 407 U.S. 67, 79-80

   (4)   [Federal law]  This is acknowledged regarding a seizure of property that included rifles (906 F. 2d at 1048) in <u>Matthias v. Bingley</u> (5th Cir. 1990) 906 F.2d 1047, 1051.

   5.   Due process protects "the rights to acquire, enjoy, own and dispose of property."

   (1)   See:  <u>Lynch v. Household Finance Corp</u>. (1972) 405 U.S. 540, 544, 92 S.Ct. 1113, 31 L. Ed.2d 424, See also:  <u>Fujii v. State of California</u> (1952) 38 C.2d 718, 728.

   (2)   Even though a felon has no right to return of confiscated firearm, he does have right to transfer it to others and/or have it sold to recover its value.  Felons and mental incompetents cannot own or possess firearms. "Nevertheless it is the[y], not the state, who has the right to

      designate disposition of the title. The successor owner, if qualified, may obtain possession of the firearms." Beck, *supra*, 25 C.A. 4th 1095, 1106.

   (3) Where state law provides for obtaining or using property according to specified rationales or procedures, contrary action by administrative officials violates due process. See: Sullivan v. Town of Salem (2nd Cir. 1986) 805 F.2d 81, 85 (where owner had complied with all requirements of state law failure to issue certificate of occupancy mandated by state law violated due process and could not be validated by reason not recognized by state law), Bateson v. Geisse (9th Cir. 1988) 857 F.2d 1300, 1303 (failure to issue a building permit after plaintiff had satisfied all the requirements therefor was arbitrary and irrational interference with property rights violating due process).

B. Property Problem #1: If convicted felons and mentally incompetent persons are legally entitled to dispose of their property, why are restrained parties (some only being prohibited from possession of firearms pending litigation) required to engage in only one of two alternatives:

  1. A forced sale to a firearm dealer, with great potential for loss of full value; and/or

  2. Relinquishment to Law Enforcement, with a requirement that the restrained party pay storage fees.

C. Property Problem #2.  Fiduciary Duty to Preserve Community Assets.  Some gun collections are very valuable.  DV Restraining orders incident to a marital dissolution present similar but qualitatively different problems :

  1. The storage facilities (usually an evidence locker) at local law enforcement are not set up to store antique, curio and relic firearms.  If the collection is damaged, who pays?

  2. Forcing the sale of a valuable gun collection to a dealer at fire sale prices diminishes the return on investment to the detriment of the Community Estate.

  3. In a divorce (or domestic partner) case, there is authority in the Family Code (and pursuant to equitable principles) for the Court to impose a constructive trust, requiring the protected party to preserve the asset (even if it is restrained party's separate property) until such time as the RO expires and/or a proper sale can take place that will maximize the return on investment.

          4.       Recommend amendments of Penal and Family Code to address "ownership" issues as contrasted with possession and acquisition issue.

D.       Amendment to Judicial Council Form DV-810.  In addition to the proposed form amendments recommended above:

          1.       Paragraph 1 appears to be a limitation on the definition of firearm. Does this list include (or exclude) black powder firearms? Antiques?  Non-firing replicas and/or non-firing war trophies?

          2.       Nowhere on this form is the restrained party advised about the special rules for transportation of handguns and assault weapons. (i.e., in a locked container.)  The trunk of a car only counts if there is one (i.e., the restrained party does not drive a truck) and trunk is not accessible via the passenger compartment.

          3.       The form implies that the restrained party does not have to relinquish ammunition.  Pen. C. § 12316(b)(1) prohibits the possession of ammunition if you are subject to Pen. C. § 12021, which in turn prohibits the possession of a firearm if you subject to a DVPA order of protection.  DV-810 should include this statement of the law to insure compliance.

**VIII. Conclusion.** What needs to happen:

    A.    Creation of a working agreement for the immunity issues with the prosecuting agencies involved.

    B.    Standardized language for an immunity order.

    C.    Adoption and/or amendment, by local rule if necessary, of some of the procedures and forms outlined above.

    D.    Submission and/or amendment of recommended changes to the Judicial Council of the DVPA forms as set forth above.

    E.    Creation of a standardized storage procedure and storage fee for firearms relinquished to law enforcement.

    F.    Creation of an alternative to relinquishment only to law enforcement and/or a gun dealer. A third alternative of transfer to a responsible third party should be created.

    G.    Setting a deadline for implementation of these procedures.

Respectfully Submitted,

Date: March 13, 2007

          /s/
_____
Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125-5120
Don@DKLawOffice.com
Voice: (408) 264-8489
Fax:   (408) 264-8487