AFFIDAVIT IN SUPPORT OF UNITED STATES' OPPOSITION
TO MOTION TO SUPPRESS

I, Duane Tuell, a police officer with the San Jose Police Department, being first duly sworn, depose and say:

1. I make this affidavit in support of the United States' Opposition to Motion to Suppress filed in the case *U.S. v. Vargem*, CR 10-00729 JW.

2. I have been a peace officer for the San Jose Police Department from March 1996 to November 2006, and from March 2009 to the present day. From November 2009 through March 2011, I was assigned to the Family Violence Unit. I am currently assigned to the Patrol Division, and have been so assigned since March 2011.

3. On June 19, 2010 at approximately 6:20 a.m., Steven Vargem assaulted his wife (hereinafter "the victim") at his residence, ███████████, San Jose, California.

4. According to the original crime report authored by Officer DeOlivera, the victim stated that Vargem assaulted her in the early morning of June 19, 2010 by grabbing her bicep from behind and then choking/strangling her for approximately 5 to 6 seconds while shaking her, and then caused her to fall to the floor. The victim stated she had been in great fear for her safety. The victim got dressed, left the residence, and contacted the San Jose Police Department to report the assault. The victim then returned to her home, and was contacted by police officers.

5. Through my review of both a law enforcement database search known as a CLETS inquiry as well as Officer DeOlivera's original crime report, I learned the victim was issued an Emergency Protective Restraining Order (hereinafter "EPRO") at her residence, the scene of the domestic violence incident. Steven Vargem was listed as the restrained person in that EPRO. It was and is my understanding based upon my training and experience as a police

1

Tuell Affidavit

GOVERNMENT EXHIBIT 1

officer that persons subject to such an EPRO are prohibited under California law from owning or possessing any firearms.

6. Through my review of a CLETS inquiry on June 24, 2010, I learned that the EPRO had been served upon Vargem by Officer Cliff Jepson of the San Jose Police Department on June 22, 2010 at approximately 9:00 am.

7. On June 24, 2010 I learned through my review of a CLETS inquiry that Vargem had twelve firearms registered to him at his residence, ▮▮▮▮▮▮▮▮▮▮, San Jose, California.

8. On June 24, 2010, I spoke to the victim to discuss the firearms that were registered to Vargem at his residence. The victim stated that Vargem was very secretive about his firearms. She further stated that she did not have access to the safes containing his firearms. The victim further stated that she saw him place a pistol in a safe two months ago. She stated that during the domestic violence incident, Vargem had a crazed look she had not seen before. The victim stated she believed that if her daughter did not intervene, Vargem would have "finished" her.

10. On June 24, 2010 at approximately 1:29 p.m., I spoke with Vargem on the telephone concerning the firearms I believed were present at ▮▮▮▮▮▮▮▮▮▮ San Jose, California. That conversation was recorded. I advised him that he was subject to the EPRO again. Based on my conversation with Vargem, it was my understanding that he represented he had sold or transferred his firearms. But when I asked to confirm that, he stated "he wasn't sure what was there." Based upon this conversation, I believed that Vargem was being deceptive about the firearms at his residence.

2

Tuell Affidavit

11. Out of concern for the victim family's safety, and pursuant to the knowledge that Vargem had weapons registered to him at ▇▇▇▇▇▇▇▇ San Jose, California, Detective Nguyen of the San Jose Police Department contacted Sgt. Christine Anaya (San Jose Police Department), suggesting that she should go to Vargem's residence in case he violated the EPRO by returning there.

12. A few minutes after I spoke with Vargem on the telephone as referenced in paragraph 10 above, I was advised that San Jose Police Department patrol had identified a white van registered to Vargem in the driveway of 3157 Midhurst Ct., San Jose, California. Vargem was observed loading items into the van. Vargem was arrested for violating the EPRO. Vargem was subsequently stopped a few blocks from his residence and was a arrested for being in violation of the EPRO. A search of Vargem's van revealed a Glock 19 semi-automatic pistol (serial #ADV204). The pistol was unloaded and found in a moving box in the rear of the van.

13. At approximately 3:00 p.m. on June 24, 2010 I swore to the affidavit that is attached to the United States' Opposition in magistrate judge Paul R. Teilh's presence. Judge Teilh reviewed the affidavit and signed the warrant. As articulated in that affidavit and in this affidavit, I believed then and believe now that based upon my training and experience, and upon all the facts and circumstances described therein and herein, that probable cause existed to believe that firearms would be found at 3157 Midhurst Ct., San Jose, California, in violation of California law.

14. On June 24, 2010, Detective Nguyen (SJPD) and I executed the search warrant referenced in paragraph 13 above on 3157 Midhurst Ct., San Jose, California. During that search, one of the items seized was a Heckler & Koch SP89 firearm, serial number 21-15341.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                                     _____ #3284
                                                     DUANE TUELL
                                                     Police Officer
                                                     San Jose Police Department