GOVERNMENT
EXHIBIT
4

## STATEMENT OF PROBABLE CAUSE

1

2    My name is Duane Tuell. I have been a peace officer for the city of San Jose Police

3  Department from March 1996 to November 2006 and then from March 2009 to present day. I am

4  currently assigned to the Family Violence Unit and have been assigned to this Unit since November

5  2009.

6    My training and experience are as follows: As an officer, I have served in the Patrol

7  Division. I have served as the Administrative Officer for both the Pre Processing Center and for the

8  Bureau of Field operations. During the course of my career, I have investigated many criminal

9  cases, including but not limited to homicides, thefts, assaults, burglaries, robberies, narcotics

10  offenses, vehicular crimes and domestic violence crimes. As a patrol officer, I have responded and

11  assisted in Domestic Violence investigations. I have interviewed victims, witnesses and suspects.

12    Since being assigned to the Family Violence Unit, I have participated in the investigation of

13  approximately 146 Domestic Violence cases. My participation in these cases includes the

14  interviewing of victims, witnesses and suspects. My participation has also included the preparation

15  of reports, the review of reports, the filing of cases and the collection of evidence.

16    On June 22, 2010, I was assigned to assist in the investigation of a violation of Penal Code

17  section 242-243(e), which occurred at approximately 6:10 a.m. on June 19, 2010. The victim,

18  ▆▆▆ ▆▆▆, reported being involved in a verbal argument with her husband STEVEN

19  VARGEM (DOB: ▆▆-1960). During this argument, VARGEM assaulted the victim causing

20  complaint of pain. Officer DeOliveria of the San Jose Police Department went to 3157 Midhurst

21  Crt. and contacted the victim. The victim told Officer DeOliveria that she and VARGEM were

22  married with two children in common. On June 18, 2010 at approximately 9:30 p.m. she and

23  VARGEM argued about her giving a neighbor a box fruit. VARGEM continually ridiculed the

24  victim for approximately one hour, until both parties fell asleep. The next morning on 6/19/2010 at

25  approximately 6:10 a.m., upon waking up VARGEM began cursing at the victim. Then at

1   approximately 6:20 a.m. the victim exited the bedroom. VARGEM followed her into the family

2   room and continued to belittle her. VARGEM grabbed the victim's right bicep from behind. The

3   victim pulled away from the VARGEM and turned and faced VARGEM. VARGEM used two

4   hands in a choke / strangulation maneuvers and grasped the victim's neck. VARGEM squeezed the

5   victim's neck for approximately 5 – 6 seconds. The victim had trouble breathing, but did not loose

6   consciousness. VARGEM shook the victim back and forth approximately 2 times. VARGEM

7   continued to use vulgarities towards the victim as he shook her. VARGEM then pushed the victim,

8   causing her to fall to the floor. The victim was in great fear for her safety. Their daughter, witness

9   Ashley Vargem, observed VARGEM push the victim. The witness and VARGEM became

10  involved in a verbal argument. The victim got dressed, left the house and called the police

11  department to report the incident. The victim returned to her home and was contacted by officers.

12  The victim had no visible injuries but complained of pain to her neck. The victim was issued an

13  EPRO at the scene. VARGEM was the listed restrained party on the EPRO. The EPRO required

14  that VARGEM surrender all firearms in his possession.

15       On 6/22/2010, at approximately 3:30 p.m. I conducted a search of law enforcement

16  databases to determine if there were any firearms registered to STEVEN LEE VARGEM and

17  discovered that there were twelve firearms currently registered to VARGEM.

18       On 6/24/2010 at approximately 6:30 a.m. I checked the custody status of VARGEM and

19  determined that he had been allowed to post bail and that he had been released from custody.

20       On 6/24/2010, at approximately 10:30 a.m. I contacted the victim to conduct follow up

21  investigation on this case and to inquire about the status of the firearms registered to VARGEM.

22  The victim informed me that she did not have access to the safes containing the firearms. The

23  victim further stated that prior to the physical assault by VARGEM on 6/19/2010, the two became

24  involved in a verbal argument. During the argument, the victim told VARGEM, "I am done with

25  this. I'm done." The victim told me that VARGEM replied with something to the affect of 'You're

1   right. You are done, I am finishing this right now.' The victim stated that VARGEM then grabbed

2   her and began his assault. The victim stated that if the witness had not entered the room and

3   became involved, she believed that VARGEM would "finish" her. The victim stated that

4   VARGEM had a "crazed look that she had never seen before." The victim told me that she had

5   seen VARGEM return a "pistol" to the gun safe locked in the family room of their residence

6   approximately 2 months ago. The victim stated that VARGEM is very secretive about the firearms

7   and the safes. The victim stated that VARGEM would become angry with her and yell at her if she

8   entered the room when the safes were open.

9          Based on my training and experience, people who own firearms continue to retain them as

10  assets and continue to possess them for long periods of time. Therefore, I believe based on my

11  training and experience that VARGEM would still be in possession of the firearms registered to

12  him.

13         On June 24, 2010 at approximately 1:20 p.m. I again spoke with the victim to determine

14  what types of vehicles VARGEM may have access to. The victim informed me that VARGEM had

15  a Silver GMC YUKON XL Ca. license #4VNL510 and a White Panel Van Ca. license # 5S33665

16  which he uses for work. The Silver GMC YUKON XL Ca. license #4VNL510 is registered to

17  Vargem, Steven L and DBA FAB FOR YOU INC, with an address at 180 Lewis Rd. The white

18  panel van # 5S33665 is registered only to VARGEM'S company/work of  DBA FAB FOR YOU

19  INC.

20         On June 24, 2010 at approximately 1:29 p.m. I called VARGEM to obtained permission to

21  retrieve all firearms in his possession. When VARGEM answer his cell phone (408-202-8443) I

22  identified myself as 'Duane Tuell a Police Officer with the city of San Jose. I verified with

23  VARGEM that he had a restraining order against him and that as such he had the responsibility to

24  surrender all firearms. I further advised VARGEN that he was in violation of the restraining order

25  and subject to arrest. VARGEM stated that all of his firearms were either 'sold' or 'transferred'. I

1   directly asked him if he was telling me there were no firearms in the safes?  VARGEM stated that

2   he did not know.   I then asked VARGEM for the combinations to his safes.  He told me that he

3   would have to discuss the request with his lawyer.  I told him that I would prepare a search warrant

4   and seize the firearms without his consent.  VARGEM asked if he could call me right back at the

5   Family Violence Unit.  VARGEM did not call back

6          After speaking to VARGEM and determining that he would not provide me with permission

7   to search his safes, I requested that a patrol unit be stationed at the residence until I could arrive

8   with a search warrant.  I informed the district sergeant C. Anaya of VARGEM's description and the

9   description of possible vehicles that VARGEM had access to.  Units then advised me on scene that

10   upon their arrival, a white van was parked in the driveway and was being loaded with unknown

11   items. The van was VARGEN's White Panel Van Ca. license # 5S33665.  Patrol officers affected a

12   vehicle stop of the van and determined that it was being driven by VARGEN.  VARGEN was in

13   violation of the EPRO previously granted to the victim.

14          Pursuant to Penal Code section 1524(a)(9), a search warrant may be issued when the

15   property to be seized include a firearm or any other deadly weapon at the scene of or at premises

16   occupied or under the control of a person arrested in connection with a domestic violence incident

17   involving a threat to human life or a physical assault.  Based on the fact that VARGEM is the

18   restrained party in an EPRO, is required to surrender all firearms in his possession and is the only

19   one in possession of the combinations to the safes where his firearms are stored, a search warrant is

20   authorized to seize the firearm in this case.

21          Based upon the foregoing, it is my opinion that I have probable cause to believe and I do

22   believe that the items sought are lawfully seized and are presently at and on the premises to be

23   searched. Wherefore, I seek issuance of this Search Warrant.

24

25