
Donald E. J. Kilmer, Jr. (SBN: 179986)
Law Offices of Donald Kilmer, APC
1645 Willow Street, Suite 150
San Jose, California 95125
Phone: (408) 264-8489
Fax: (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Defendant:
STEVEN VARGEM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN LEE VARGEM,<br><br>Defendant. | CASE NO.: CR 10-00729 JW<br><br>MOTION TO STRIKE:<br><br>AFFIDAVIT IN SUPPORT OF UNITED STATES' OPPOSITION TO MOTION TO SUPPRESS (DUANE TUELL)<br><br>F.R.E. 402, 403, 802 |

## STATEMENT OF FACTS

1. The Government submitted, as Exhibit 1 (Doc # 24-1), an affidavit by San Jose Police Officer Duane Tuell. This is the police officer who sought and obtained the search warrant at issue in this case.

2. The affidavit is an (undated) three page retelling – with embellishments – of Officer Tuell's thoughts, assumptions and conclusions surrounding the events of the issuance and execution of the search warrant in question.

## STATEMENT OF LAW

3. Federal Rules of Evidence 402/403 preclude the consideration of evidence that is irrelevant or that is a needless presentation of cumulative evidence.

4. Federal Rule of Evidence 802 generally precludes the consideration of evidence that is defined as hearsay.

## ARGUMENT | CONCLUSION

5. If the Government is going to present Officer Tuell as a witness at the hearing in this matter, subject to cross examination by the Defense and a credibility assessment by the Court, then his affidavit is cumulative and subject to a motion to strike. F.R.E. 402/403.

6. Furthermore, to the extent that Officer Tuell's affidavit is intended to clarify what happened in conjunction with his efforts to obtain/execute the search warrant, the only relevant statements by Officer Tuell are the statements that were presented to the magistrate. Thus Officer Tuell's current (undated) affidavit is irrelevant under F.R.E. 402/403 and subject to a motion to strike.

7. Finally, the affidavit itself is hearsay by any definition. Nor can it qualify for any exception under the rules of evidence. Moreover, it contains hearsay within hearsay. But most importantly, as noted above, the bare submission of the affidavit without live testimony deprives the Defendant of the right of cross examination in violation the "confrontation clause" of the Sixth Amendment to Constitution. The affidavit is subject to a motion to strike under F.R.E. 801/802/805.

Respectfully Submitted on April 12, 2011.

 /s/ Donald Kilmer

Attorney for Defendant Steven Vargem