UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN LEE VARGEM,

Defendant.

Case No. 5:10-cr-00729-EJD-1

**ORDER DENYING DEFENDANT'S SECTION 2255 MOTION**

Re: Dkt. No. 123

Steven Lee Vargem ("Mr. Vargem") was convicted of possessing an unregistered machine gun and sentenced to thirty months in prison. Presently before the court is Mr. Vargem's motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. Dkt. No. 123. Mr. Vargem is proceeding pro se. Having reviewed the relevant documents and pertinent law, the court denies Mr. Vargem's motion for reasons set forth below.

## I. BACKGROUND

Mr. Vargem's action stems from an alleged domestic violence incident that occurred at his house in June of 2010. When police officers arrived to his house, Mrs. Vargem reported that her husband had physically assaulted her. Mr. Vargem was not at the house. A Santa Clara judicial officer subsequently issued an emergency protective order ("EPRO") valid through June 25, 2010. The EPRO prohibited Mr. Vargem from owning, possessing, purchasing, receiving, or attempting to purchase a firearm.

San Jose police officer Duane Tuell, who was assigned to investigate the incident, discovered that Mr. Vargem had multiple weapons registered in his name. On June 24, 2010, Officer Tuell contacted Mrs. Vargem inquiring about the weapons. Officer Tuell learned that Mr.

Vargem's firearms were in a safe in the home to which Mrs. Vargem did not have access. Mrs. Vargem also relayed to Officer Tuell that Mr. Vargem might be driving a white van registered to his business.

That same day, Officer Tuell contacted Mr. Vargem by phone and asked him about the weapons in the house. Mr. Vargem confirmed he knew of the EPRO and its limitations. Officer Tuell sought consent from Mr. Vargem to search the house. Mr. Vargem stated he wished to speak with his attorney first and that he would call the officer right back. After not receiving a return call, Officer Tuell sent a unit to Mr. Vargem's house. Arriving officers saw a white van parked in the driveway and Mr. Vargem loading items into the van. The officers waited for Mr. Vargem to drive away and then conducted a traffic stop. The officers searched Mr. Vargem's van and found an unloaded pistol.

Officer Tuell next obtained a search warrant for Mr. Vargem's house issued by Superior Court Judge Paul Teilh. Dkt. No. 62 at 2. The search of Mr. Vargem's home, pursuant to the warrant uncovered twenty-seven weapons, including an unregistered machine gun. The federal government charged Mr. Vargem with: (1) unlawful possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and (2) unlawful possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Dkt. No. 9.

Mr. Vargem waived his right to a jury trial and agreed to a bench trial. Dkt. No. 62 at 8. On August 27, 2012, the court convicted Mr. Vargem on both counts. Dkt. No. 65. On December 5, 2012, the court sentenced Mr. Vargem to a custodial term of 30 months, three years supervised release, a $12,500 fine, and a $200 special assessment. Dkt. No. 80. Mr. Vargem also forfeited his 9mm pistol/machine gun.

On December 7, 2012, Mr. Vargem appealed, challenging both the conviction and sentence. Dkt. No. 82. The Ninth Circuit affirmed in part, vacated in part, and remanded for resentencing. Dkt. Nos. 104, 105. Mr. Vargem was resentenced, and the District Court amended the judgment on May 21, 2014. Dkt. No. 117. Mr. Vargem was released from custody and began supervised release in the Eastern District of California on October 14, 2014. Dkt. No. 122.

Case No.: 5:10-cr-00729-EJD-1
ORDER DENYING DEFENDANT'S SECTION 2255 MOTION

On May 8, 2015 Mr. Vargem filed the instant § 2255 motion. *See* Dkt. No. 123 ("Mot"). On September 8, 2015, the government filed a response. Dkt. No. 128 ("Opp."). On October 6, 2015 Mr. Vargem filed a traverse. Dkt. No. 131 ("Reply"). In addition to his § 2255 motion, Mr. Vargem filed a Petition Requesting a Hearing (Dkt. No. 145), a motion to compel discovery (Dkt. No. 146), and a motion for relief from judgment (Dkt. No. 148).

## II.    LEGAL STANDARDS

### A.    Section 2255

Section 2255 authorizes a "prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a violation of federal law. 28 U.S.C. § 2255(a). Relief under § 2255(a) is limited to the particular grounds listed in the statute—namely, "that the sentence was imposed in violation of the Constitution or laws of the United States" or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or "is otherwise subject to collateral attack." *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (internal citations omitted). If a court finds error on one of these enumerated grounds, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Following the submission of a § 2255 motion, the court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). In other words, a court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). "[C]onclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quoting *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)). "Although section 2255 imposes a fairly lenient burden on the petitioner,

the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

**B.    Procedural Default**

Under the doctrine of procedural default, relief for a claim under § 2255 is waived unless the defendant previously raised it on direct appeal. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (holding that a claim is procedurally defaulted if it could have been "fully and completely addressed on direct review"); *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Massaro v. United States*, 538 U.S. 500, 504 (2003). When applying the "cause and actual prejudice" standard, a showing of possible prejudice is not enough, the defendant must show that the error "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170. Additionally, "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

**III.    DISCUSSION**

Mr. Vargem raises the following nineteen grounds for relief under § 2255.

(1)    "Conviction obtained by violations of the 10th amendment. The United States had no jurisdiction in this mat[t]er. Conviction obtained by violations of 5th amendment. The protection against double jeopardy."

(2)    "Conviction obtained by violations of 6th amendment and Violation of 'Speedy Trial Act'."

(3)    "Conviction obtained by the use of Fraud, deception, and conspiracy

by the AUSA."

(4)   "Vargem was convicted with unconstitutional statute 26 U.S.C. 5861 (d)."

(5)   "Conviction obtained by violations of the Second and Fifth Amendment."

(6)   "Conviction obtained by use of an EPRO which is a bill of attainder/Ex-post facto law, in violation of Article one section 10 of the United States Constitution and rights guaranteed the by State."

(7)   "Conviction obtained by the issue of a unconstitutional warrant issued by a State magistrate who's qualifications are questionable, and did not act as neutral, or detached, and is biased toward law enforcement."

(8)   "Conviction obtained by Officer D. Tuell being negligent in his duties by not following protocol, requirements of his training, and mandated instructions of SJPD, CLETS, NCIC, and the Department of Justice."

(9)   "Conviction obtained from D. Tuell's violations of Vargem's rights under the 4th, 5th, 6th, 8th, & 14th amendments of the United States constitution, and articles I sections 1, 3, 6, 11, 13 a, b, & c, 14, 16, 19, 21, & 22 of California constitution and committed false arrest and imprisonment."

(10)  "Conviction was obtained by the use of a CLETS document presented and only relied upon by D. Tuell which is hearsay evidence and not to be relied upon per the Department of justice. CLETS is supposed to be a 'Verbatim' representation of the order. The wording and format are inconsistent with CLETS format."

(11)  "Conviction was obtained by evidence of an EPRO never served on Vargem, and no proof of service or existence of this order exists in any court of record."

(12)  "Conviction obtained because California Judicial Council was negligent and acted irresponsibly by not taking immediate corrective action to revise the standard issued EPRO form when known illegal, problematic, lack of langu[ag]e and notice requirements where brought to their attention in 2007."

(13)  "Conviction was obtained using California P.C. codes related to DV and Firearms that have been totally rewritten due to unconstitutionality."

(14)  "Conviction obtained with use of evidence suggesting SJPD was negligent for not conforming to their own protocol, and California P.C., and lack of training their officers and continued oversight to ensure strict adherence to established protocol, and mandates required by CLETS, NCIC, CJIS, and the Department of Justice."

(15) "Denial of effective assistance of counsel." Vargem states nineteen claims under this claim, many of which overlap with others.

(16) "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."

(17) "Conviction obtained by questionable ethics of Carolyne A. Sinin the main prosecutor."

(18) "Conviction obtained by a violation of self-incrimination and unconstitutional ambiguous, vague, and conflicting requirements. The EPRO violates California constitution Article I section 21."

(19) "Conviction obtained in violation of the United States Constitution's 8th amendment, cruel and unusual punishment."

Dkt. No. 123.

The court divides Mr. Vargem's claims into two parts: non-ineffective counsel claims and ineffective counsel claims. Many of Mr. Vargem's claims overlap and are therefore analyzed together under certain claims.

**A. Vargem's Non-Ineffective Counsel Claims Cannot Be Relitigated**

Mr. Vargem offers four explanations of cause for his procedural default. First, he argues that his counsel made the decision to not present certain claims despite his objections. Mot. at 6. This argument is without merit. As previously mentioned, "the mere fact that counsel . . . failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Mr. Vargem was represented by counsel throughout his proceedings. In such circumstances, the court assumes a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 683, 689 (1984). Aside from constitutionally deficient assistance of counsel, which the court analyzes in more detail under Mr. Vargem's ineffective assistance of counsel claims, cause for procedural default will turn on whether Mr. Vargem can show that "some objective factor external to the defense impeded counsel's efforts to comply." *Murray*, 477 U.S. at 488. Examples of this include "some interference by officials" or a showing that the "factual or legal basis for a claim was not reasonably available to counsel." *Murray*, 477 U.S. at 488; *Reed v. Ross*, 468 U.S. 1, 16 (1984); *Brown v. Allen*, 344 U.S. 443, 486 (1953). Mr. Vargem's first argument lacks a sufficient

showing of cause to excuse his procedural default.

Second, Mr. Vargem argues that "some were not known to" him until he investigated a related civil case. Mot. at 6. The Supreme Court has held that a claim may constitute cause for procedural default when the claim "is so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 621, citing *Reed*, 468 U.S. at 16. Neither of Mr. Vargem's claims are so novel that the legal basis for them would not have been available to his counsel. A claim is so novel, for example, when the Supreme Court "has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application," such as, *United States v. Johnson*, 457 U.S. 537 (1982). *Reed*, 468 U.S. at 17. Because Mr. Vargem's claims are not considered to be novel, his second argument lacks a sufficient showing of cause to excuse his procedural default.

Third, Mr. Vargem argues that "some evidence was not made public until late 2012, 2013, or 2014." Mot. at 6. Mr. Vargem states it was not until August of 2012 that he obtained audio recordings of phone conversations of him and his wife while he was in jail. Dkt. No. 131 at 36. This led him to search for the EPRO that did not exist. Mr. Vargem also states this led him to discover Judge Teilh "was 94 years old." *Id*.

Fourth, Mr. Vargem argues that grounds seven (unconstitutional warrant and biased magistrate judge), twelve (illegal EPRO form), and eighteen (unconstitutional EPRO) were presented partially without "verifiable physical evidence and some evidence was not made public until 2013." Mot. at 6. The court responds to Mr. Vargem's fourth argument under each respected claim.

Mr. Vargem has procedurally defaulted on his remaining claims. Mr. Vargem argues in his § 2255 motion that his conviction: under 26 U.S.C. § 5861(d) is unconstitutional, was in violation of 2nd Amendment, was based on an illegal EPRO, obtained by Officer Tuell's negligent actions, obtained by negligence of the California Judicial Council, obtained by an unethical prosecution, obtained by unconstitutionally vague and conflicting requirements, and is considered cruel and unusual punishment.

1.        **Conviction Statute of 26 U.S.C. § 5861(d) is Unconstitutional (Ground Four)**

26 U.S.C. § 5861(d) makes it unlawful to possess a firearm not registered in the National Firearms Registration and Transfer record. 26 U.S.C. § 5861(d). Mr. Vargem argues that the Supreme Court ruled that charging a person with 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d) is unconstitutional because it violates his due process rights and his right to be free from self-incrimination. Mot. at 6. Mr. Vargem argues that the government is wrong because the unregistered machine gun he was charged with possessing was listed on the warrant as one of the twelve "registered" firearms. *Id*.

The conviction of both statutes is sound. First, Mr. Vargem did not raise this issue on appeal and therefore is unable to litigate it under this § 2255 motion. *Bousley*, 523 U.S. at 621. Second, the court cannot find any Supreme Court case law that Mr. Vargem suggests finding that the conviction of both statutes is unconstitutional. Mr. Vargem's argument seems concerned with how the two statutes interplay given that his machine gun is illegal and therefore he would be unable to register an otherwise illegal weapon. The National Firearms Act makes it unlawful for private citizens to possess unregistered firearms and does not permit any application for registration of an illegally possessed firearm. 26 U.S.C. §§ 5812, 5822. Personal possession of a machine gun not lawfully possessed before May 19, 1986, the date of statute enactment, is illegal under the Firearm Owners' Protection Act. 18 U.S.C. § 922(o). Thus, if someone owns a machine gun after May 19, 1986, they cannot comply with the National Firearms Act. The Ninth Circuit dealt with this issue in *Hunter v. United States*, 73 F.3d 260 (9th Cir. 1996). In *Hunter*, the defendant was charged under both statutes. The court found defendant's conviction not to be fundamentally unfair because "the Constitution does not forbid making the same conduct illegal under two statutes, and the government is permitted to prosecute under either one." *Hunter*, at 262. Likewise, here, Mr. Vargem's conviction of both statutes is not unfair.

Mr. Vargem's claim that he was convicted on an unconstitutional statute is procedurally barred. The two exceptions to the procedural default rule, demonstrating cause and actual prejudice, are not shown.

Case No.: 5:10-cr-00729-EJD-1
ORDER DENYING DEFENDANT'S SECTION 2255 MOTION

8

2.      **Violation of Second Amendment Claim (Ground Five)**

During Mr. Vargem's motion to suppress hearings, Mr. Vargem made clear that he was not making a constitutional challenge under the Second Amendment and *District of Columbia v. Heller*, 128 S. Ct. 2789 (2008). Dkt. No. 24 at 2. Mr. Vargem did not raise his second amendment issue on direct appeal nor has Mr. Vargem shown cause excusing the delay in raising this issue until now. Furthermore, Mr. Vargem has not shown actual prejudice. Even if Mr. Vargem had cause, the Second Amendment does not provide a right for an individual to possess an illegal machine gun.

Mr. Vargem has not demonstrated either cause or actual prejudice, and therefore his Second Amendment claim is procedurally barred. *Bousley*, 523 U.S. at 622.

3.      **Conviction Obtained Illegally by use of an EPRO (Ground Six)**

Mr. Vargem contends that once an EPRO is issued, the respondent is deemed guilty and a criminal because that person legally owned firearms before it was issued. Mr. Vargem did not raise this issue on direct appeal and therefore this claim is waived.

Mr. Vargem also has not shown actual prejudice. Mr. Vargem was convicted after presentation of evidence during a bench trial. Dkt. No. 65. There are no facts to support the EPRO that issued was illegal. Police responded to a domestic violence call placed by Mr. Vargem's wife. Police met with Mrs. Vargem at the couple's house. Mr. Vargem was not present. An EPRO application was made to a judge and the EPRO was subsequently issued. The EPRO prohibits the restrained party from possessing any firearms. Officer Tuell ran a query of a California database of registered firearms and learned Mr. Vargem had several firearms registered to him. Officer Tuell called Mr. Vargem and asked if Mr. Vargem still possessed the firearms. Mr. Vargem said he wanted to speak with his lawyer before responding. Officer Tuell submitted an affidavit requesting a warrant in which Magistrate Judge Teilh found there to be enough probable cause to issue a warrant. Upon the execution of the search warrant on Mr. Vargem's house, the illegal and unregistered machine gun was found. Mr. Vargem stipulated to all of these facts. Dkt. No. 62.

Mr. Vargem has not demonstrated either cause or actual prejudice, and therefore his Second Amendment claim is procedurally barred. *Bousley*, 523 U.S. at 622.

### 4. Negligent Action of a Police Officer (Ground Eight)

Mr. Vargem argues that Officer Tuell acted negligently "in his duties by not following protocol, requirements of his training, and mandated instructions of SJPD, CLETS, NCIC, and the Department of Justice." Mot. at 9. Mr. Vargem also alleges that Officer Tuell "has an unaccountable 2-year 4-month gap in his work history" and that the AUSA had a duty to disclose this information as exculpatory evidence. *Id*.

Mr. Vargem's allegations are merely conclusory statements that lack substance and neither demonstrate sufficient cause to excuse his procedural default nor actual prejudice. Therefore, Mr. Vargem's claim is procedurally barred. *Bousley*, 523 U.S. at 622.

### 5. Conviction Obtained "because California Judicial Council was negligent and acted irresponsibly by not taking immediate corrective action to revise the standard issued EPRO" (Ground Twelve)

Mr. Vargem contends that his conviction was obtained by the negligent actions of the California Judicial Council based on the grounds that in 2013 the EPRO form reflects changes when compared to his EPRO in 2010. Dkt. No. 123 at 12. Mr. Vargem's allegations are merely conclusory statements that neither demonstrate sufficient cause to excuse his procedural default nor actual prejudice. Therefore, Mr. Vargem's claim is waived. *Bousley*, 523 U.S. at 622.

### 6. Conviction Obtained by Questionable Ethics of Prosecutor Claim (Ground Seventeen)

Mr. Vargem states that "Carolyne A. S[a]nin was not a government employee, did not have a bar license, and as such was under no obligation of oath of office or oath of ethics of the California bar and was a non-compensated volunteer." Dkt. No. 123 at 14. And, "[w]hose main focus was winning at any cost and not in the interest of Justice." *Id*. Mr. Vargem did not raise this issue on direct appeal. Additionally, Mr. Vargem's claims are speculative and without substance. The record reflects that Ms. Sanin, Special Assistant United States Attorney, held a

District of Columbia bar number 499564. Dkt. No. 71. Ms. Sanin was properly admitted to practice in federal court at the time of conviction.

Mr. Vargem neither shows cause excusing his delay nor actual prejudice. Thus, his claim is procedurally barred. *Bousley*, 523 U.S. at 622.

### 7. Complying with EPRO is Unconstitutional (Ground Eighteen)

Mr. Vargem argues that "[t]rying to comply with the EPRO compels self-incrimination and requires a person to violate the EPRO in trying to comply with ambiguous, vague, and conflicting requirements." Dkt. No. 123 at 14. Mr. Vargem fails to state what requirements are vague and conflicting. Liberally construed, Mr. Vargem argues that because the EPRO requires him to relinquish any weapons he owns or possesses, it requires him to self-incriminate himself by turning over his weapons including the illegal weapon underlying his conviction. Mr. Vargem did not raise this claim on direct appeal, and therefore his claim is waived.

Mr. Vargem argues his excuse for the delay is that this claim was "submitted partially without 'verifiable physical evidence and some evidence as not made public until 2013,'" Mot. at 6. However, "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486.

Mr. Vargem also does not show prejudice. The requirements under the EPRO are not self-incriminating. Mr. Vargem always has the option of not owning illegal weapons. Mr. Vargem argues that the law discriminates him as a male because it "presumes that the 'Male' is guilty until proven innocent." Dkt. No. 123 at 14. Mr. Vargem also argues that the EPRO "gives special treatment to a class of citizens, namely females and law enforcement" because "it is with clear and convincing evidence that in ALL DV incidents the male will be arrested." *Id.* Neither of Mr. Vargem's statements are accurate or grounded on any authority.

Mr. Vargem's claim is procedurally barred. *Bousley*, 523 U.S. at 622.

### 8. Conviction Obtained in Violation of the Eighth Amendment Cruel and Unusual Punishment (Ground Nineteen)

Mr. Vargem claims that he was subject to cruel and unusual punishment over the process of the search of his home. Mot. at 15. Mr. Vargem argues that San Jose Police Officers did not give Mr. Vargem the option to turn over his weapons. Instead, Mr. Vargem alleges, the police entered his home and destroyed federally required storage containers valued at $6,000 and damaged the original condition of a firearms collection valued at $50,000. *Id*. He alleges the police conduct in his home caused the replacement of his carpet at a cost of $4,000. *Id*. Mr. Vargem did not raise his cruel and unusual punishment claim on direct appeal, and therefore his claim is waived. Furthermore, Mr. Vargem's unreasonable search and seizure claim is irrelevant to the Eighth Amendment on cruel and unusual punishment.

Mr. Vargem also does not show prejudice. The Cruel and Unusual Punishment Clause contains three components. First, the Clause limits the types of punishments that can be applied to criminal convictions. Second, it prohibits grossly disproportionate punishment when compared to the severity of the crime. Lastly, the Clause imposes certain limits on what is considered criminal and punished as such. *Lehr v. City of Sacramento*, 624 F. Supp. 2d 1218, 1224 (E.D. Cal. 2009), citing *Ingraham v. Wright*, 430 U.S. 651, 667, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). Here, Mr. Vargem's argument is not aimed at either of the three components under the Clause. Mr. Vargem argues his conviction was based on an unreasonable search and seizure. The Eight Amendment does not apply to search and seizure.

Mr. Vargem has not met his burden in showing cause or that he suffered actual prejudice. Thus, cruel and unusual punishment claim is procedurally barred.

The court next turns to Mr. Vargem's ineffective counsel claim which subsumes many of his non-ineffective counsel claims. Where overlap exists, the court analyzes them together.

### B. Ineffective Assistance of Trial Counsel Claim (Ground Fifteen)

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."

*Massaro v. United States*, 538 U.S. 500, 504 (2003).  The U.S. Constitution ultimately provides for a right to a fair trial under the Due Process Clause.  In support thereof, the Sixth Amendment provides a criminal defendant the right to have "the Assistance of Counsel."  U.S. Const. amend. VI.  Courts have long established that "the right to counsel is the right to the effective assistance of counsel."  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

A claim for ineffective assistance of counsel is subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 683 (1984).  A defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by that deficient performance.  *Id*. at 684–87.  When applying *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential," with the court "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689. The defendant holds the burden to overcome this strong presumption and in doing so, must "identify the acts or omissions of counsel" considered unreasonable in light of the circumstances at the time.  *Id*. at 690.  Even if and when attorney error is established, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  The standards in *Strickland* are not "mechanical rules" or to be used as a "checklist" but instead are to guide the inquiry.  *Id*. at 688, 696.  There are many ways defense counsel can strategize any given case.  *Id*. at 689.  And an "intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation" risks creating an avenue for every defendant who second-guesses their counsel's decisions after an adverse sentence resulting in a second trial.  *Id*. at 690.

Mr. Vargem outlines a number of actions that counsel did or did not take during the course of the criminal proceedings that support his claim.  The court addresses these grounds in turn adjusting the order as needed.  Mr. Vargem's claims are in italics: grammar, spelling, and punctuation are from Mr. Vargem's briefs.

### 1. "Vargems ineffective counsel waved time in november 2010 without Vargems knowledge or consent." (also Ground Two)

Mr. Vargem contends that he was convicted in violation of the Speedy Trial Act because (1) he was brought before a magistrate judge over 70 days after he was arrested, which violated his right to be brought before a magistrate judge "without unnecessary delay" pursuant to Federal Rule of Criminal Procedure 5; (2) the grand jury indictment was filed over sixty days after his arrest in violation of 18 U.S.C. § 3161(b); and (3) his attorney waived time without his knowledge or consent. None of these issues were raised during the trial proceedings and therefore the Speedy Trial Act claims have been waived. 18 U.S.C. § 3162(a)(2); *see also U.S. v. Tanh Huu Lam*, 251 F.3d 852, 860-861 (9th Cir. 2001) (holding defendant waived right to claim a Speedy Trial Act violation because he failed to file a motion to dismiss the indictment). Moreover, none of the issues were raised on direct appeal, and therefore the Speedy Trial Act claims are procedurally barred. *Massaro*, 538 U.S. at 504.

To the extent Mr. Vargem contends his counsel was ineffective in failing to raise the three alleged violations above, Mr. Vargem has not shown prejudice. Even if counsel had asserted a violation of Federal Rule of Criminal Procedure 5, the remedy is to "render[ ] inadmissible any incriminating evidence obtained during the unnecessary delay." *United States v. Means*, 252 Fed. App'x. 830, 834 (9th Cir. 2007) (citing *United States v. Studley*, 783 F.2d 934, 937 n.2 (9th Cir. 1986)). Because Mr. Vargem has not pointed to any incriminating evidence obtained during the alleged delay, counsel's alleged failure to raise a Rule 5 violation does not amount to ineffective assistance of counsel.

As to the alleged violation of 18 U.S.C. § 3161(b), the record indicates that there was a delay of over sixty days between Mr. Vargem arrest on July 1, 2010 and the filing of the grand jury indictment on October 6. 2010. Section 3161(h), however, allows certain periods of delay to be excluded in computing the time within which an indictment must be filed. 18 U.S.C. § 3161(h). Pertinent to this case is the exclusion of time for "any period of delay resulting from other proceedings concerning the defendant." *Id*. § 3161(h)(1). Mr. Vargem was involved in an

"other proceeding" in state court proceedings during the alleged period of delay. On August 9, 2010, Mr. Vargem appeared before Judge Nadler in state court on these charges. Dkt. No. 123 at 20. Mr. Vargem has not established a violation of section 3161(b), and therefore cannot establish he was prejudiced by counsel's alleged failure to raise this issue.

Mr. Vargem's allegation that counsel waived time without his knowledge is contradicted by the record. The parties' first stipulation to an exclusion of time was based upon the representations of defense counsel in open court on October 7, 2010. Dkt. No. 11. Mr. Vargem was present during the October 7, 2010 proceeding. Dkt. No. 10. The parties stated that without the delay, defense counsel would be unreasonably denied "reasonable time necessary for effective preparation." *Id*. The court continued the hearing set for November 8, 2010 to November 15, 2010 and noted an exclusion of time. Dkt. No. 12. On November 15, 2010, the court held a status hearing and continued the matter until January 24, 2011. Dkt. No. 14. The court excluded time through January 24, 2010, to "to accommodate discovery review, weapon examination and for the parties' continued efforts to resolve the matter short of trial." *Id*. Mr. Vargem was also present at the November 15, 2010 hearing. Dkt. No. 90. Therefore, Mr. Vargem knew that counsel had agreed to these exclusions of time. To the extent Mr. Vargem contends he did not consent to these exclusions of time, Mr. Vargem has not shown he was prejudiced. In fact, the record indicates that the exclusions of time benefited Mr. Vargem by providing time for counsel to prepare for trial (Dkt. Nos. 10, 14) and that Mr. Vargem was not in custody at the time (Dkt. No. 6).

Mr. Vargem's ineffective assistance claim based upon alleged Speedy Trial Act violations is denied.

> **2.** **"Convicted by the use of Fraud, deception, and conspiracy by the AUSA . . . It would appear to any reasonable person when reviewing the filings, case numbers, and PACER that Vargem had ineffective assistance of counsel, and his original case, 5:10-mj-70582 was terminated on 10-06-10 without Vargem's knowledge or explanation to subvert the fact Vargem's rights were violated . . ." (also Ground Three)**

Mr. Vargem alleges that the government committed fraud by (1) inaccurately identifying

him as a "fugitive" in the case summary portion of the court's Electronic Case Filing system and placing a "no bail hold," and (2) by "terminating" his original criminal case, No. 10-mj-70582 without explanation and without his knowledge. Dkt. No. 131 at 11. These claims of fraud were not raised on direct appeal and therefore are procedurally barred. *Massaro*, 538 U.S. at 504.

To the extent Mr. Vargem's claim for ineffective assistance of counsel is based on counsel's failure to raise the alleged fraud, Mr. Vargem's claim does not meet the *Strickland* standard necessary to obtain relief. Mr. Vargem has not shown it was objectively unreasonable for counsel to not raise the alleged fraud. Nor has Mr. Vargem shown prejudice. More specifically, Mr. Vargem has not shown prejudice caused by the allegedly inaccurate "fugitive" designation on the court's Electronic Filing System. Nor has he shown prejudice resulting from case no. 10-mj-70582 being merged into the instant action.

Accordingly, Mr. Vargem fails to meet his burden in showing either counsel's performance was constitutionally deficient or that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 693.

### 3. "Counsel failed to assert that Vargem has maintained from day one that he was never served with any order regardless of anything to the contrary" (also Ground Eleven) and "Counsel failed to require AUSA to exercise its burden of proof to produce a certified copy of EPRO"

Mr. Vargem argues that he was never served with a valid EPRO, and in fact, there is no proof that a valid EPRO was ever issued against him in the first place. The existence and/or validity of the EPRO were not raised on direct appeal. Therefore, Mr. Vargem is procedurally barred from raising any claims challenging the existence and/or validity of the EPRO. *Massaro*, 538 U.S. at 504.

Mr. Vargem's ineffective counsel claim is also unsupported. Mr. Vargem's counsel filed a motion to suppress to challenge the validity of the EPRO. Dkt. No. 21. At the hearing on the motion, Mr. Vargem's counsel indicated his inability through investigation to locate a copy or certified copy of the EPRO because EPROs are destroyed after they expire. Dkt. No. 72, Tr. at 2-3. Counsel stipulated, with Mr. Vargem present, to the use of a blank copy of an EPRO for

evidence purposes. *Id*. at 3. Counsel stated there was no objection to the blank EPRO being admitted as evidence that was also submitted as an exhibit by Government. *Id*. The Government opposed Mr. Vargem's motion and argued that Mr. Vargem's unenforceable EPRO argument was not supported by any authority. Dkt. No. 24 at 2.

Mr. Vargem argues that because California's EPRO lacks specific language regarding how to dispose of firearms, that invalidates the EPRO, and therefore because the EPRO was invalid, no probable cause existed for the warrant. Mr. Vargem's position is mistaken. An EPRO prohibits the restrained party from possessing any weapons. The Government contends that probable cause existed because defendant had twelve firearms registered to him at his house. Additionally, Mrs. Vargem, the victim of the domestic assault (that took place at the house), made statements regarding Mr. Vargem's control of the firearms stored at the house. These together with Mr. Vargem's own statements, the Government argues, creates probable cause. *Id*. The court denied Mr. Vargem's motion to suppress on April 25, 2011. Dkt. No. 29. Mr. Vargem has not shown use of the non-certified copy as improper. *Shreve v. United States*, 103 F.2d 796, 808 (9th Cir. 1939) (providing secondary evidence may be introduced when the court is satisfied that an original is unavailable to the party). Furthermore, Mr. Vargem did not make this argument on a direct appeal. Thus, Mr. Vargem's counsel's performance was not constitutionally deficient and Mr. Vargem cannot establish he was prejudiced by counsel's performance.

Mr. Vargem has not met his burden under the *Strickland* standard.

**4.** **"[Counsel] failed to bring up or attack all unreasonable aspects of the search, destruction of property, to enter evidence of photos, to offer evidence of CLETS being hearsay . . ." and "[Counsel] Failed to attack issue of not preserving condition of property in same condition it was found, and intentionally destroying its market value by unreasonable removing everything from its original packaging and discarding it as trash!" (also Grounds Seven, Eight, and Nineteen)**

Mr. Vargem challenges both the validity of his home search and the treatment of his property during the search. Mr. Vargem alleges that he possessed a collection of weapons valued at over $50,000 and that officers destroyed his property without giving him the opportunity to turn

them over. Mr. Vargem alleges this treatment was cruel, unusual, unconstitutional, and malicious. In addition, Mr. Vargem challenges his counsel's failure to enter photos of his wife into evidence to show he did not commit the domestic violence underlying the EPRO.

### i. Reasonableness of search and alleged destruction of property

Contrary to Mr. Vargem's argument, Mr. Vargem's counsel brought a motion to suppress challenging the constitutionality of the search. Dkt. No. 21. The trial judge denied the motion after oral argument. Dkt. No. 29. Thus, Mr. Vargem's statement that his counsel failed to raise or attack all reasonable aspects of the search including the alleged destruction of property is not supported by the record. To the extent Mr. Vargem is complaining that counsel failed to argue that the destruction of his firearms constituted cruel and unusual punishment, the Government contends that damage done in the course of a search warrant, even if true, does not invalidate the results of the evidence found. Dkt. No. 128 at 8. Thus, Mr. Vargem's has not met his burden under the *Strickland* standard. Moreover, these claims were not raised on direct appeal and therefore are procedurally barred. *Massaro*, 538 U.S. at 504.

### ii. Entering photos

Counsel's alleged failure to admit evidence does not constitute a constitutional deficiency. This court's scrutiny of counsel's performance must be highly deferential and must hold a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, Mr. Vargem has not shown that counsel's alleged failure to admit the photos prejudiced his defense and deprived him of a fair trial. Mr. Vargem does not state how the proceeding would have resulted differently. Additionally, Mr. Vargem's claim that counsel should have admitted photos of his wife were not raised on direct appeal and therefore are procedurally barred. *Massaro*, 538 U.S. at 504.

Accordingly, Mr. Vargem has not met his burden in establishing ineffective assistance of counsel.

### 5. "[Counsel failed] to question qualifications of [Judge] Paul R. Teilh" (also Ground Seven)

Mr. Vargem argues that Judge Teilh's qualifications are "questionable" because he was 94 years old and that Judge Teilh "only relies on officer's sworn affidavit when issuing warrants." Mot. at 9. Further, Mr. Vargem argues that "Paul R. Teilh would have to be a 'Super Natural' being unaffected by the laws of nature and physics to be certified competent enough to pass judgment upon others." *Id.* Mr. Vargem's allegations are without merit. Mr. Vargem also alleges Judge Teilh did not act as neutral or detached when issuing the warrant to search his home and was biased to law enforcement. *Id.* None of these issues were raised on direct appeal, and therefore his claims are procedurally barred. *Massaro*, 538 U.S. at 504.

Mr. Vargem's ineffective assistance of counsel claim is also unsupported. Counsel's choice not to challenge Judge Teilh's age or his alleged bias to law enforcement is not constitutionally deficient given a magistrate's decision to issue a warrant should not be disrupted unless "clearly erroneous." *United States v. Stanert*, 762 F.2d 775, 779 (9th Cir. 1985) (citing *United States v. Estrada*, 773 F.2d 683, 684 (9th Cir. 1984); *United States v. Seybold*, 726 F.2d 502, 503 (9th Cir. 1984)); *see also Illinois v. Gates*, 462 U.S. 213, 236 (1983) (noting that a "'grudging or negative attitude by reviewing courts toward warrants' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant") (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). Nothing about the warrant issued to search Mr. Vargem's house appears clearly erroneous. Mrs. Vargem reported physical domestic abuse at their home by Mr. Vargem. Mr. Vargem had an EPRO issued against him. Mr. Vargem had twelve registered firearms in his house, and Mrs. Vargem told law enforcement firearms were in her home that she did not have access to. Further, Mr. Vargem was stopped while driving and a firearm was found in his vehicle during the time he was prohibited from possessing any firearms pursuant to the EPRO. Mr. Vargem has not met his burden under the *Strickland* standard. These facts lead to probable cause for a warrant. Thus, Mr. Vargem's counsel's performance was not constitutionally deficient and Mr. Vargem cannot establish he was prejudiced by counsel's

performance.

**6.    "[Counsel] fail[ed] to point out all false statements made by [Officer] D. Tuell"**

Mr. Vargem alleges that Officer Tuell made several false statements.  First, Officer Tuell allegedly misrepresented in his "affidavit" that he was assigned to investigate P.C. 242-243(e) (domestic battery) but that the only charge listed on the booking sheet was Penal Code: P.C. 273.5 (corporal injury on a spouse).  Reply at 22.  Second, Officer Tuell allegedly made a false statement when he stated that Mr. Vargem and Mrs. Vargem were involved in a verbal argument and that Mr. Vargem pushed Ms. Vargem.  *Id*. at 23.  Third, Officer Tuell allegedly falsely reported that Mrs. Vargem complained of neck pain.  *Id*.  Fourth, Officer Tuell allegedly misrepresented that the EPRO required Mr. Vargem to surrender all firearms in his possession, when in fact the EPRO states that the restrained person shall not possess.  *Id*.  Mr. Vargem's claims were not raised at trial.

Mr. Vargem does not show how counsel's failure to point out these alleged false statements rises to the level of constitutional deficiency.  This court's scrutiny of counsel's performance must be highly deferential and must hold a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Mr. Vargem also fails to show prejudice nor how the proceeding would have resulted differently.

Mr. Vargem has not met his burden in establishing ineffective assistance of counsel.

**7.    "[Counsel] Failed to attack fact that victim did not call 911. Failed to argue that transcript of victim call was falsified to claim it was a 911, and date of call was questionable."**

This issue was not raised on direct appeal, and therefore the claim that Mrs. Vargem's call was falsified as a 911 call is procedurally barred.  *Massaro*, 538 U.S. at 504.  To the extent that Mr. Vargem contends his counsel was ineffective in failing to challenge the basis of his EPRO with this claim, he fails to show prejudice.  Even if counsel would have argued Mrs. Vargem's call was falsified and was not in fact a 911 call, he still fails to show how his proceeding would have resulted differently.  Counsel's actions were not constitutionally deficient nor is there a showing of

1    prejudice.

2         Mr. Vargem has not met his burden in establishing ineffective assistance of counsel.

3    **8.    "Counsel failed to argue violations of 2nd, 4th, 5th, 6th, 8th, and 14th**
4         **amendments to the United States Constitution or California's constitution."**

5         Mr. Vargem's claim is too conclusory.  Mr. Vargem fails to plead specific facts to support

6    this ineffective assistance of counsel claim.  Conclusory allegations are not enough to require an

7    evidentiary hearing.  *Howard*, 381 F.3d at 877.  Mr. Vargem has not met his burden in

8    establishing ineffective assistance of counsel.

9    **9.    "Counsel failed to address 'speedy trial act', double jeopardy, or jurisdiction**
10        **'issue.'" (also Ground One and Two)**

11        Mr. Vargem alleges that counsel failed to raise violations of the Speedy Trial Act.  This

12   argument was addressed previously.  *See supra* Subpart III.B.1.

13        Mr. Vargem also contends that he was convicted in violation of double jeopardy and that

14   the federal court lacked jurisdiction over him.  Mr. Vargem waived these arguments when he

15   chose not to present them on appeal.  *Massaro*, 538 U.S. at 504.

16        These arguments also fail on the merits.  Mr. Vargem alleges that the state charged him

17   with possession of a machine gun and unregistered assault weapons and that the state dismissed

18   his charges without prejudice.  Mot. at 5.  He also contends that the government then again

19   charged him for possession of the machine gun and unregistered weapon.  *Id*.  Mr. Vargem's

20   double jeopardy argument fails because the double jeopardy clause "does not prohibit successive

21   prosecution by separate sovereigns—such as the federal government and the State of California—

22   arising out of the same acts").  *See United States v. Lucas*, 841 F.3d 796, 803 (9th Cir. 2016).

23        Mr. Vargem argues that no jurisdiction exists because his case "was wholly a State

24   incident . . . involving State laws, State police, State issued warrant."  Mot. at 5.  However, the

25   U.S. Attorney charged Mr. Vargem with violation of federal law: (1) unlawful possession of a

26   machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and (2) unlawful possession of an

27   unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  Dkt. No. 9.  Thus, this

28   Case No.: 5:10-cr-00729-EJD-1
     ORDER DENYING DEFENDANT'S SECTION 2255 MOTION

1  court has jurisdiction over Mr. Vargem's federal offenses.

2    To the extent Mr. Vargem contends his counsel was ineffective in failing to raise the three

3  alleged violations above, Mr. Vargem has not shown his counsel's performance was

4  constitutionally deficient.  Likewise, Mr. Vargem has not shown that but for counsel's alleged

5  errors, the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 694.

6    Mr. Vargem has not met his burden in establishing ineffective assistance of counsel.

7    **10.    "Counsel failed to address officer entering residence without a warrant or**

8       **consent."**

9    Mr. Vargem fails to allege specific facts stating a claim entitling him to relief.  It's unclear

10  whether Mr. Vargem is referring to the first time officers arrived to his house in response to Mrs.

11  Vargem's domestic violence call or later when the officers searched his home under a warrant.

12  Mr. Vargem did not challenge either of these incidents on appeal and cannot raise them here.

13  *Massaro*, 538 U.S. at 504.

14    To the extent Mr. Vargem contends that his counsel was ineffective in failing to raise the

15  above allegation, Mr. Vargem has not shown prejudice.  This court's scrutiny of counsel's

16  performance must be highly deferential and must hold a strong presumption that counsel's conduct

17  fell within the "wide range of reasonable professional assistance."  *Strickland*, at 689.

18    **11.    "Counsel failed to attack any of the issues of [Officer] D. Tuell's malicious**

19       **conduct, or his demotion." (also Ground Nine)**

20    The court gathers certain facts in attempt to cull together Mr. Vargem's allegations of

21  Officer Tuell's malicious conduct.  Taking from Mr. Vargem's ground nine, Mr. Vargem alleges

22  that Officer Tuell intentionally deceived Mr. Vargem, made false statements, entered his home

23  without a warrant by fraud and intimidation, and intentionally and unnecessarily destroyed his

24  property.  Mot. at 10.  None of these issues were raised during the trial proceedings and therefore

25  Mr. Vargem's claims of Officer Tuell's malicious conduct have been waived.  *United States v.*

26  *Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (reasoning that issues not raised to the

27  district court are usually deemed waived aside from three narrow exceptions: exceptional

28  Case No.: 5:10-cr-00729-EJD-1

circumstances, new law, and purely one of law and opposing party will not suffer prejudice). Moreover, none of the issues were raised on direct appeal, and therefore this claim is procedurally barred. *Massaro*, 538 U.S. at 504.

To the extent Mr. Vargem contends his counsel was ineffective in failing to raise the above allegations, Mr. Vargem has not shown that this alleged error prejudiced him in any way nor that counsel's performance was constitutionally deficient. *Strickland*, 466 U.S. at 684–87.

Mr. Vargem has not met his burden in establishing ineffective assistance of counsel.

### 12. "[Counsel] Failed to present any CLETS, NCIC, SJPD protocol, NLETS, CJIS, DOJ evidence to disprove any of [Officer] Tuell's or the AUSA's claims." (also Ground Ten)

Mr. Vargem argues that the CLETS (California Law Enforcement Telecommunication System) used in his case was false and altered and Officer Tuell wrongfully relied on the CLETS for his information. Dkt. No. 131 at 24; Mot. at 11. He argues "there are items left out of the CLETS that are on the EPRO, and items on the CLETS that ARE NOT called out on the EPRO." Dkt. No. 131 at 25. These claims were not raised on direct appeal and therefore are procedurally barred. *Massaro*, 538 U.S. at 504.

To the extent Mr. Vargem's claim for ineffective assistance of counsel is based on counsel's failure to present certain documents such as CLETS to disprove any of Officer Tuell's or the prosecutions claims, Mr. Vargem's claim does not meet the *Strickland* standard necessary to obtain relief. Mr. Vargem has not shown it was objectively unreasonable for counsel to not present such evidence. Nor has Mr. Vargem shown prejudice. More specifically, Mr. Vargem has not shown prejudice caused by the allegedly failure to present any "CLETS, NCIC, SJPD protocol, NLETS, CJIS, DOJ evidence." This court's scrutiny of counsel's performance must be highly deferential and must hold a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Accordingly, Mr. Vargem fails to meet his burden in showing either counsel's performance was constitutionally deficient or that the errors were "so serious that counsel was not

Case No.: 5:10-cr-00729-EJD-1
ORDER DENYING DEFENDANT'S SECTION 2255 MOTION
23

functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 693.

**13.** **"Counsel gave misleading advice to have bench trial instead of jury."**

Mr. Vargem states that "[c]ounsel gave misleading advice to have bench trial instead of jury." Mot. at 13. The Government "concedes that the defendant may have alleged facts, which, if true, would entitle him to relief." Dkt. No. 128 at 5. The Government argues that given Mr. Vargem is proceeding pro se, "misleading" should be interpreted in a broad way, and an evidentiary hearing would be needed to reveal facts needed to determine the issue that are outside the record and protected by attorney-client privilege. *Id.*

i. Deficient performance by counsel

First, Mr. Vargem must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. Mr. Vargem must show that counsel's representation fell below an objective standard of reasonableness. *See id.* at 688; *see also Bobby v. Van Hook*, 558 U.S. 4, 8-9 (2009) (per curiam) (noting that guidelines, such as those promulgated by the American Bar Association, purporting to establish what reasonable attorneys would do may be helpful but it is not the test for determining whether counsel's choices are objectively reasonable). The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

> Although courts may not indulge 'post hoc rationalizations' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, . . . neither may they insist counsel confirm every aspect of the strategic basis for his or her actions. There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'

*Harrington v. Richter*, 562 U.S. 86, 109 (2011) (citations omitted); *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) ("But Strickland specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.") (quoting *Strickland*, 466 U.S. at 689-90).

This conclusory statement is insufficient to show that his counsel's representation fell

below an objective standard of reasonableness. Mr. Vargem waived his right to a jury trial by way of joint stipulation for bench trial. Dkt. No. 62 at 1. Each page is initialed by hand by Mr. Vargem. Under "Vargem's Jury Trial Waiver," Mr. Vargem stated:

> I, Steven Lee Vargem, have been informed of my right to have a trial by jury. I have consulted with my lawyer regarding this decision. I hereby affirm the statement made in Paragraph One of this stipulated fact statement, that it is my intention to waive my right to a trial by jury and to proceed with a trial where the judge will be the trier of fact, and not a jury. It is further my intention to proceed with a trial through this written statement of stipulated facts rather than calling and cross-examining witnesses.

Dkt. No. 62 at 8.

Mr. Vargem does not explain how his counsel's advice was misleading and Mr. Vargem has not overcome the presumption that counsel's conduct was within the range of reasonable professional advice. *Burt v. Titlow*, 571 U.S. 12, 21-23 (2013) (concluding that without any evidence demonstrating that counsel gave inadequate advice regarding withdrawal of a guilty plea, there is strong presumption that counsel's performance was not deficient).

Furthermore, Mr. Vargem has not shown that counsel's allegedly misleading advice was so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 688. The test for prejudice is not outcome-determinative, *i.e.*, Mr. Vargem need not show that the deficient conduct more likely than not altered the outcome of the case; however, a simple showing that the defense was impaired is also not sufficient. *Id*. at 693. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694.

Here, Mr. Vargem agreed to what evidence to introduce and what witnesses will testify such as which officers will testify and what they will testify to. Dkt. No. 62. Most significantly, in this stipulation, Mr. Vargem admitted he was the owner of the firearm seized at his home, to which only he had access to, and that was the underlying subject of his conviction. *Id*. at 4, 7. Mr. Vargem admitted that he purchased a pistol and a machine gun, which he manipulated. *Id*. Also included in the stipulation is counsel's statement that he fully explained to Mr. Vargem all the

rights he had as a criminal defendant. *Id.* at 9. Counsel stated it was his opinion that Mr. Vargem understood all the terms of the joint stipulation and his waiver for a bench trial. Mr. Vargem signed this statement. *Id.* Thus, Mr. Vargem has not met his burden in showing he was prejudiced by counsel's alleged deficient performance.

## IV. CONCLUSION

For the above the reasons, Mr. Vargem's § 2255 motion is denied.

**IT IS SO ORDERED.**

Dated: March 29, 2019

_____
EDWARD J. DAVILA
United States District Judge